## **Exhibit A**

**Settlement Agreement**

SETTLEMENT, RELEASE, AND ALLOWANCE OF CLAIM AGREEMENT

between and among

DAVID ENGELBRECHT, JOSIAH WILLIAMSON, GREGORY MEFFORD, SHAWN
ABNER, JACOB HELTON, AND BILLY HATTON, ON BEHALF OF THEMSELVES AND
AS CLASS REPRESENTATIVES ON BEHALF OF THE OTHER CLASS MEMBERS,

and

BLACKJEWEL, LLC; REVELATION ENERGY, LLC; LEXINGTON COAL CO. LLC; JEFF
HOOPS, SR. AND JEFFERY A. HOOPS, II,

Dated as of September 1, 2020

### SETTLEMENT, RELEASE, AND ALLOWANCE OF CLAIM AGREEMENT

This Settlement, Release and Allowance of Claim Agreement, dated as of September 1, 2020 (the "Settlement Agreement" or "Settlement"), is entered into, by and among: (a) Blackjewel, L.L.C. and Revelation Energy, LLC (together, the "Debtors" or "Debtor-Defendants"), in the jointly administered Case No. 19-bk-30289 (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Southern District of West Virginia (the "Bankruptcy Court") and (b) Lexington Coal Co., LLC, Jeff Hoops, Sr. and Jeffery A. Hoops, II (together, the "Non-Debtor Defendants," and collectively with the Debtor-Defendants, the "Defendants") on the one hand, and (c) David Engelbrecht, Josiah Williamson, Gregory Mefford, Shawn Abner, Jacob Helton, and Billy Hatton (collectively, the "Plaintiffs" or "Class Representatives"), on behalf of themselves and similarly situated class members specifically identified in Section 2 below (together with the Class Representatives, but excluding the Opt-Outs, as defined below, the "Class Members" or the "Class"), on the other hand.  The Defendants and Plaintiffs are collectively referred to herein as the "Parties," or, as to each, a "Party."

### RECITALS

WHEREAS, on July 1, 2019 and July 24, 2019 (the "Petition Date"), the Debtors and certain affiliates filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the Bankruptcy Court initiating the Bankruptcy Case;

WHEREAS, prior to the Petition Date, the Debtors employed approximately 1,700 employees, both hourly and salaried, including the Class Members, in their business operations;

WHEREAS, the Plaintiffs contend that, on or about July 1, 2019, and thereafter, the Debtors terminated the employment of Plaintiffs and most of the workforce who worked at the

Debtors' facilities in the Central Appalachian Coal Basin in West Virginia, Virginia and Kentucky (the "Eastern Division," encompassing approximately 1,100 employees), and in the Powder River Basin in Wyoming (the "Western Division," encompassing approximately 600 employees);

WHEREAS, on July 9, 2019, the Plaintiffs filed their Class Action Adversary Proceeding Complaints[1] (as amended, the "WARN Action"), against the Debtors and Non-Debtor Defendants, in which the Plaintiffs asserted a class action claim under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 et seq. (the "WARN Act") alleging that the Debtors and the Non-Debtor Defendants, as a single employer, violated the WARN Act by implementing alleged plant closings or mass layoffs, without providing a sixty (60) days advance written notice thereof;

WHEREAS, the Class Representatives further asserted that, as a consequence of this alleged failure, the Class Members have a claim against the Defendants and the Non-Debtor Defendants for damages for the alleged sixty (60) day violation period;

WHEREAS, the WARN Action also includes wage and hour and other employment and employee benefits-related claims for the putative class members;

WHEREAS, the Defendants deny the allegations described above;

WHEREAS, on September 20, 2019, the Bankruptcy Court entered an order for the Parties to commence mediation with Magistrate Judge Omar Aboulhosn [D.I. 17, Case No. 19-ap-03002];

WHEREAS, on October 25, 2019, the Debtors provided the Plaintiffs with relevant wage information concerning the hourly and salaried employees whose employment Plaintiffs contend was terminated by the Debtors;

---

[1] The adversary proceedings, which have been consolidated for the purposes of this Settlement, are: *David Engelbrecht, Josiah Williamson and Gregory Mefford, on their own behalf and on behalf of all other persons similarly situated v. Blackjewel, LLC*; Adversary Proceeding No. 19-ap-3002 and *Shawn Abner, Jacob Helton and Billy Hatton individually and on behalf of others similarly situated v. Blackjewel, LLC, Revelation Energy, LLC, Lexington Coal Co., LLC, Jeff Hoops, Sr., Jeffery A. Hoops, II*, Adversary Proceeding No. 19-ap-03003.

WHEREAS, on November 4, 2019, the Parties mediated this matter before Magistrate Judge Omar Aboulhosn and although the WARN Action was not resolved during the mediation, the Parties have been working since that date toward a resolution of the WARN Action; and

WHEREAS, following extended settlement negotiations, conducted in good faith and at arms' length, on or about March 3, 2020, the Parties reached agreement on a compromise that will resolve the WARN Action, according to the terms set forth herein.

NOW, THEREFORE, as material consideration and inducements to the execution of this Settlement Agreement, and in consideration of the mutual promises and agreements set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and intended to be binding, the Parties hereby agree, subject to Bankruptcy Court approval, as described below:

1.      **Settlement Filings.**  The Parties shall promptly file a joint motion in the WARN Action under Rules 9019 and 7023 of the Federal Rules of Bankruptcy Procedure, and Rule 23 of the Federal Rules of Civil Procedure as made applicable by Rule 7023, for approval of the Settlement through a bifurcated hearing process (the "Settlement Motion").  The Settlement Motion shall request an initial hearing (the "Initial Hearing") to be set within thirty (30) days of the filing of the Settlement Motion, at which time the Parties shall seek entry of an order from the Bankruptcy Court substantially in the form attached hereto as Exhibit A certifying a class of WARN Act claimants for settlement purposes only, preliminarily approving the Settlement, and approving the form and manner of notice to the Class Members of class certification and the Settlement, including, among other things, their right to opt out of the Class, object to the Settlement in person, or appear by counsel (the "Preliminary Settlement Order").  The Parties shall also request that the Bankruptcy Court schedule a date for a fairness hearing (the "Fairness

Hearing") to be set within sixty (60) days of entry of the preliminary approval order.  At the

Fairness Hearing, the Bankruptcy Court will consider final approval of the Settlement, including

the award of Class Counsel's Fees (as defined below), pursuant to an order substantially in the

form attached hereto as Exhibit B (the "Final Settlement Order").  This Settlement Agreement is

subject to, and conditioned upon, entry of the Final Settlement Order by the Bankruptcy Court

approving this Settlement under Rule 23 of the Federal Rules of Civil Procedure, made applicable

herein pursuant to Fed. R. Bankr. P. 7023, and Rule 9019 of the Federal Rules of Bankruptcy

Procedure, after notice and hearing to creditors and parties in interest, in accordance with

applicable law and local rules.

2.      **Class Certification**.  Upon execution of this Settlement Agreement:

(a)      The Parties consent, for settlement purposes only, pursuant to Rule 23(b)(3)

of the Federal Rules of Civil Procedure as made applicable to these proceedings by Rule 7023 of

the Federal Rules of Bankruptcy Procedure, that the Class shall be certified in connection with the

WARN Action and the Settlement Motion and is comprised of all persons who were employed by

the Debtors at facilities located in the Eastern Division and the Western Division and who ceased

working for the Debtors on or after July 1, 2019 solely, and who do not file a timely request to opt

out of the Class.  For the avoidance of doubt, the Class excludes the Debtors' employees who were

brought back to work by the Debtors between the dates of July 1, 2019 and November 4, 2019, a

list of which is provided herein at Exhibit C;

(b)      The Debtors represent that, to the best of their knowledge, information and

belief and based solely upon the Debtors' books and records, all persons (along with their last

known addresses and wage information) who satisfy the criteria set forth in Section 2(a) above are

listed on Schedule 1 hereto.

(c) Lankenau & Miller, LLP, The Gardner Firm, P.C., Petsonk PLLC, Mountain State Justice, Inc. and Pillersdorf Law Office shall be appointed class counsel (together, the "Class Counsel") for the Class created under this Settlement Agreement.

(d) David Engelbrecht, Josiah Williamson, Gregory Mefford, Shawn Abner, Jacob Helton, and Billy Hatton shall be appointed Class Representatives for the Class created under this Settlement Agreement.

3. **Effective Date.** This Settlement Agreement shall become effective upon the date on which the Final Settlement Order becomes a "Final Order" (the "Effective Date").  The Final Settlement Order shall become a Final Order when the time for taking an appeal has expired or, in the event an appeal has been taken, the day the Final Settlement Order has been affirmed with no further right of appeal.  In the event the Effective Date does not occur: (i) this Settlement Agreement and the recitals contained herein shall be void and without force or effect, and neither this Settlement Agreement, nor any of the statements contained herein, shall be admissible in any proceeding involving the Parties; (ii) neither the motion to obtain an order approving this Settlement Agreement nor any of the pleadings filed in support of such motion shall be admissible in any proceeding involving the Parties; and (iii) none of the provisions hereof shall prejudice or impair any rights, remedies or defenses of any of the Parties.

4. **Allowance of WARN Claims and Wage Claims Against Debtors and Cash Payment to be Made by Non-Debtor Defendants**.

Pursuant to the terms of this Settlement Agreement, and upon the Effective Date, the Class, in full and final settlement of the WARN Action, shall be granted:

a) an allowed priority claim jointly and severally against the Debtors, in the amount set forth on Schedule 1 hereto, pursuant to 11 U.S.C. § 507(a)(4) and (a)(5) of the Bankruptcy Code, equal to sixty percent (60%) of sixty (60) days' wages and

benefits for each Class Member, in the aggregate amount of $14,630,825.63,[2] and an allowed priority wage claim under 11 U.S.C. § 507(a)(4) of the Bankruptcy Code in the aggregate amount of $2,711,494.11 for up to eight (8) days of pay for each Class member in resolution of their wage claims (together, the "Allowed Bankruptcy WARN and Wage Claims"), which amount shall be subject to the statutory cap in the amount of $13,650.00 per employee pursuant to 11 U.S.C. § 507(a)(4) of the Bankruptcy Code (the "Statutory Cap").  To the extent any Class Member's Allowed Bankruptcy WARN and Wage Claims exceed the Statutory Cap, such claims will be deemed  and treated as general unsecured claims; and

b) a cash payment (the "Cash Payment") from the Non-Debtor Defendants totaling $125,000 ($75,000 to be paid by Jeff Hoops, Sr. and Jeffery A. Hoops, II, jointly and severally, with the remaining $50,000 to be paid by Lexington Coal Co., LLC).

5.      **Distributions from the Debtors and Non-Debtor Defendants**.

a) The distributions from the Debtors' estates (the "Estates") on account of the Allowed Bankruptcy WARN and Wage Claims (the "Estates Distribution Payments") will be made by the Debtors in accordance with the priority scheme established by the Bankruptcy Code to a qualified settlement fund to be established by Class Counsel in conformity with Internal Revenue Code § 468B (the "Qualified Settlement Fund") pursuant to written instructions to be provided by Class Counsel. For the avoidance of doubt, the Class acknowledges that the Allowed Bankruptcy WARN and Wage Claims is an allowed claim to be paid in accordance with the priority scheme established by

---

[2] Subject to the Statutory Cap, as defined below, for employees who had a wage garnishment for domestic support, the garnished sums will be treated as a priority claim under 11 U.S.C. § 507(a)(1) of the Bankruptcy Code.

the Bankruptcy Code and that such claim may or may not be paid depending on the distributions available to creditors of the Debtors' Estates and may not be paid or funded in full.

b) The Cash Payment shall be made via wire transfer by the Non-Debtor Defendants within five (5) business days of the Effective Date to the Qualified Settlement Fund pursuant to written instructions to be provided by Class Counsel. The name of the Qualified Settlement Fund shall be *Engelbrecht v. Blackjewel QSF*, and Class Counsel or the Administrator (as defined below) of the Qualified Settlement Fund shall provide the Debtors and the Non-Debtor Defendants with a W-9 form for the Qualified Settlement Fund to enable the Estates Distribution Payments and the Cash Payment, respectively to the Qualified Settlement Fund.

c) Class Counsel shall act as the trustee of the Qualified Settlement Fund. Class Counsel shall cause each Class Member's distribution to be paid from the Qualified Settlement Fund, and shall transmit distributions via first class U.S. Mail to the Class Members at their last known address as indicated on <u>Schedule 1</u> hereto (or to such other address as the Class Members may indicate to Class Counsel or which Class Counsel may locate), in accordance with applicable law. By accepting his or her portion of the Qualified Settlement Fund, each Class Member agrees that he or she will be solely responsible for any and all tax liabilities stemming from the payment of his or her claim under the Settlement Agreement.

d) The Debtors and Plaintiffs agree that the Estates Distribution Payments shall be the only payments to be made by the Debtors under this Settlement Agreement. The Non-Debtors Defendants and the Plaintiffs agree that the Cash Payment shall be the only

payment to be made by the Non-Debtor Defendants under this Settlement Agreement, and that such Cash Payment is being provided as a settlement of this litigation and with no admission of any liability.  Under no circumstances shall the Estates, the Debtors or the Non-Debtor Defendants be required under this Settlement Agreement to pay any sums or other consideration in addition to the Estates Distribution Payments or the Cash Payment, respectively, as described herein, for any purpose whatsoever.

e) Upon, or before, the entry of an Order granting preliminary approval of this Settlement, the Debtors agree to provide Class Counsel with the social security numbers for each Class Member to the best of the Debtors' knowledge based upon the records within the Debtors' possession. Class Counsel agrees to keep the Class Members' social security information confidential and to use it for the sole purpose of locating the Class Members and/or in the preparation of IRS 1099 Forms to reflect the distributions on the Allowed Bankruptcy WARN and Wage Claims.

f) The Debtors agree to provide Class Counsel with an update every six (6) months as to (i) the amount of funds in the Debtors' Estates as of such date, (ii) the amount of outstanding claims asserted by creditors holding secured and administrative claims, and (iii) any potential recovery the Estates may obtain as of such date.  Neither the Estates Distribution Payments nor any other consideration or amount paid, credited, offered, or expended by or on behalf of the Debtors or the Estates, if any, in the performance of this Settlement Agreement constitutes a penalty, fine, punitive damages, or other form of penalty for any alleged claim or offense.  In the event the amount of the Estates Distribution Payment is sufficient to make a full payment on the Allowed Bankruptcy WARN and Wage Claims, the total amount distributed to each Class Member on the

Allowed Bankruptcy WARN and Wage Claims shall equal the amount listed on Schedule 1 for those claims.  In the event the amount of the Allowed Bankruptcy WARN and Wage Claims is greater than the Estates Distribution Payments, the Class Members' distributions shall be reduced on a *pro rata* basis so all Class Members receive an equal percentage of the Estates Distribution Payments. For the avoidance of doubt, the Class Counsel's Fees, Class Counsel's Expenses and the Class Representative Service Payments shall be payable solely out of the Qualified Settlement Fund, consistent with the terms of this Settlement Agreement, and such fees, expenses and payments are included in the amount of the Allowed Bankruptcy WARN and Wage Claims as set forth in Schedule 1 and not in addition to such amount.

g)   The Plaintiffs acknowledge that the payment of the Allowed Bankruptcy WARN and Wage Claims may not be made as of the effective date of a proposed plan, if any, but will be paid if and when money comes to the Estates in accordance with the priority scheme established by the Bankruptcy Code. The Plaintiffs also agree that they will support any plan proposed by the Debtors which adheres to, and does not violate, the priority rules of the Bankruptcy Code.

6.   **Satisfaction and Expungement of Individual Claims**.   The Final Settlement Order shall provide that, on the Effective Date, any and all individual claims asserted by Class Members against the Debtors related to the claims set forth in the WARN Action shall be deemed satisfied and expunged from the Debtors claims register, and payment on account of such claims shall be limited solely to the Estates Distribution Payments and Cash Payment provided for herein. Proofs of claim filed by individuals who choose to timely opt-out of the WARN Class shall be unaffected by the release contained in the Settlement.

7.      **Responsibilities of Class Counsel.**  Class Counsel shall be responsible for the production and mailing of all notices required to be provided to the Class Members (the "Class Notice"), the cost of which shall be paid solely from the Qualified Settlement Fund.  The Class Notice shall be mailed within five (5) business days following entry of the order certifying the Class for settlement purposes and preliminarily approving the Settlement Agreement.  The address of Class Counsel will be used as the return address for the Class Notice, and Class Counsel will respond to all inquiries of the Class arising from or related to this Settlement.  Class Counsel may retain the services of a settlement administrator (the "Administrator") to perform this service and other services related to the administration of the Qualified Settlement Fund, and the costs of the Administrator acting in this capacity, if applicable, may be deducted from the Qualified Settlement Fund.

8.      **Allocation of the Cash Payment and Estates Distribution Payments and Disbursement of the Same to Class Members.**

(a)      Allocation of the Cash Payment.  The Cash Payment shall be allocated towards the Class Representative Service Payments (as defined below), Class Counsel's Fees, and Class Counsel's Expenses, as set forth on Schedule 1, and in accordance with this Settlement.

(b)      Allocation of the Estates Distribution Payments.  The Estates Distribution Payments shall be allocated to each Class Member as set forth on Schedule 1, and in accordance with this Settlement on a *pro rata* basis so all Class Members receive an equal percentage of the Estates Distribution Payments.

(c)      Disbursement of the Cash Payment and Estates Distribution Payments. Class Counsel, or its designee, the Administrator, as fiduciary on behalf of the Qualified Settlement Fund, shall be responsible for making distributions from the Qualified Settlement Fund of any amounts required by this Settlement Agreement, including the preparation and mailing of the

individual settlement checks to Class Members.  For the sake of efficiency, Class Counsel, or its

designee, the Administrator, as fiduciary on behalf of the Qualified Settlement Fund, may, in their

discretion, delay the distribution on the Cash Payment so that it can be handled in conjunction with

the distribution of the Estates Distribution Payments. Class Counsel will also provide each Class

Member with a notice advising each Class Member to seek his or her own personal tax advice

regarding the potential tax consequences of the disbursements under the Settlement and an

explanation of the deduction of Class Counsel's Fees and Costs.  This notice will be included with

each Settlement disbursement to the Class Members.

        (d)      <u>Residual Funds</u>.  Any Class Member distributions which are not deposited,

endorsed or negotiated within one hundred eighty (180) days of the distribution shall be deemed

residual funds (the "<u>Residual Funds</u>") on the 181st day following the Final Distribution and treated

as follows:

        (i)      first, used to make distributions to additional Class Members, if

any, that may be identified after Class Counsel has made the final

distribution from the Qualified Settlement Fund on the Cash

Payment and the Estates Distribution Payments and who fall

within the Class definition herein but who did not appear on

<u>Schedule 1</u> ("<u>Additional Class Members</u>"),

        (ii)      second, distributed to Class Members on a *pro rata* basis in a

supplemental distribution (the "<u>Supplemental Distribution</u>") so

long as Class Counsel determines, in their sole discretion, that such

distribution is feasible, and

       (iii)      if any Residual Funds remain after disbursements to Additional Class Members or a Supplemental Distribution, then last, distributed to UMWA Career Centers Inc., which is a 501(c)(3) non-profit organization established in 1996, which goal is to provide job training and job placement services to the rural mining communities of Appalachia.  No portion of the Residual Funds shall revert to or be retained by the Debtors, the Non-Debtor Defendants or Class Counsel for any reason.

       (e)      <u>Service Payments to Class Representatives</u>.  The Class Representatives shall receive an aggregate one-time payment from the first distribution from the Qualified Settlement Fund in the amount of $30,000, to be allocated as follows:  $5,000 each to David Engelbrecht, Josiah Williamson, Gregory Mefford, Shawn Abner, Jacob Helton, and Billy Hatton for their service in this matter (together, the "<u>Class Representative Service Payments</u>").  Class Counsel shall distribute this payment to the Class Representatives, in addition to each Class Representative's individualized disbursements on account of the Settlement payments contemplated herein.[3]  The Class Representative Service Payments shall be net payment amounts and shall not be reduced for Class Counsel Fees (as defined below) or for other reasons.  Class Counsel shall issue an IRS Form 1099 to each Class Representative for the amount of the Class Representative Service Payments paid to the Class Representative with his or her taxpayer identification number.  The Class Representative Service Payments shall be paid exclusively by the Qualified Settlement Fund.

---

[3] For the avoidance of doubt, the Class Representative Service Payments shall have no effect on the priority amounts available to the Class Representatives for their individualized Allowed Bankruptcy WARN and Wage Claims.

9.    **Class Counsel's Fees and Class Counsel's Expenses.**  Class Counsel is entitled to attorneys' fees ("Class Counsel's Fees") in the amount of one-third (1/3) of each distribution on the Allowed Bankruptcy WARN and Wage Claims and Cash Payment, net of the one-time $30,000 aggregate payment for Class Representative Service Payments.  In addition, Class Counsel is entitled to its litigation expenses (including costs associated with the production and mailing of the Class Notice and the administration of this Settlement, estimated to be approximately $75,000) ("Class Counsel's Expenses").  Class Counsel's Fees and Class Counsel's Expenses, as well as the Representative Service Payments, shall be paid exclusively by the Qualified Settlement Fund. Class Counsel's Fees and Class Counsel's Expenses shall constitute payment in full for the Class Counsel's work and expenses in connection with this matter.

10.    **The Class Notice.**  Class Counsel or the Administrator shall bear the responsibility of the preparation of the Class Notices.  The Class Notice, which shall include an opt-out notice form ("Opt-Out Notice Form"), shall be in substantially the form annexed hereto as Exhibit D or such substantially similar form as may be approved by the Bankruptcy Court.  In the event that a Class Notice is returned as undeliverable, Class Counsel shall mail the Class Notice to the corrected address of the intended Class Member recipient as may be determined by Class Counsel through a search of a national database or as may otherwise be obtained by the Parties.

(a)    Contents of the Class Notice.  The Class Notice shall contain the following information, which shall be individualized for each Class Member:

(i)    That each Class Member has the right to opt out of the Class and preserve all of his or her rights, if any, against the Debtors and Non-Debtor Defendants, including the Released Claims, as defined

below (all such persons timely electing to opt out of the Class, the "Opt-Outs");

(ii)     That the Settlement shall become effective only if it is finally approved by the Bankruptcy Court under Rule 7023 and Rule 9019 of the Federal Rules of Bankruptcy Procedure, and Rule 23 of the Federal Rules of Civil Procedure, as made applicable by Rule 7023 of the Federal Rules of Bankruptcy Procedure;

(iii)    That, if so approved, the Settlement shall be effective as to all Class Members who did not timely elect to opt out of the Class;

(iv)     The projected net dollar amounts such Class Member would receive under this Settlement, as shown on Schedule 1, assuming full payments of the Estates Distribution Payments and Cash Payment;

(v)      That the Estates Distribution Payments may or may not equal the Allowed Bankruptcy WARN and Wage Claims depending on various factors and circumstances in the Bankruptcy Case;

(vi)     That each Class Member who does not opt out has the right to object to this Settlement either in person or through counsel and be heard at the Fairness Hearing; and

(vii)    That all Released Claims (as defined below) of a Class Member (other than claims with respect to amounts to be paid under the terms of this Settlement) shall be waived and any individual claim of Class Members against the Debtors related to the claims made

in the WARN Action shall be deemed satisfied and expunged from the applicable claims register maintained by the Bankruptcy Court, and that no person, including the Class Member, shall be entitled to any further distribution thereon.

11.    **Objection to Settlement Procedures**.    A Class Member may object to this Settlement by sending timely written notice of such objection to Class Counsel and counsel to the Debtors and Non-Debtor Defendants at the addresses set forth in Section 18(c) below and filing such objection with the Bankruptcy Court.  Any such objections shall state (i) the objector's full name, mailing address, and telephone number, (ii) if applicable, the full name, mailing address, and telephone number of the objector's attorney, if any, and (iii) all reasons for objecting to the Settlement and any supporting papers, materials, or briefs.  Any such objections must be sent/filed such that they are received by Class Counsel, the Debtors, Non-Debtor Defendants and the Bankruptcy Court by the objection deadline established by the Bankruptcy Court and/or applicable law or rules of procedure, and served in accordance with the procedures set forth herein and in the Preliminary Settlement Order.

12.    **Right of Employee to Opt Out of Class**.

(a)    Any Class Member may opt out of the Class by mailing to Class Counsel the completed and executed Opt-Out Notice Form, contained in the Class Notice, such that it is received no later than the opt-out deadline fixed by the Bankruptcy Court (which shall coincide with the objection deadline).  Upon the timely and proper mailing of the Opt-Out Notice Form to Class Counsel, such Class Member shall be classified as an Opt-Out.  Class Counsel shall provide the Debtors and Non-Debtor Defendants with copies of the Opt-Out Notice Forms received from

Class Members upon request.  Otherwise, if and when the Settlement becomes effective, all Class

Members shall be bound by the terms of this Settlement.

(b)       Amounts attributable to Opt-Outs will be deducted from the amount of the

Allowed Bankruptcy WARN and Wage Claims.

(c)       Any Opt-Outs shall not have a claim against any of the Parties by reason of

this Settlement Agreement or otherwise, and shall retain his or her rights, if any, against the

Debtors and Non-Debtor Defendants.  The Debtors, their Estates and the Non-Debtor Defendants

reserve all rights against any Opt-Outs.  Class Counsel agrees that it will not, directly or indirectly,

commence any litigation or assert any claims on behalf of any former employees of the Debtors or

Non-Debtor Defendants who are Opt-Outs, nor any who are not encompassed by the Class as

defined herein.

13.   **Waiver and Release of Claims.**

(a)       Released Claims of Class Members.  Except for the rights expressly arising

out of, provided for, or reserved in this Settlement Agreement, upon the Effective Date, the Class

Members (but not the Opt-Outs), for and on behalf of themselves, and their respective predecessors,

successors, assigns, heirs, personal representatives and estates (collectively, the "Releasing

Parties"), do hereby fully and forever release and discharge the Non-Debtor Defendants and each

of the Estates and Debtors, and each of their respective current and former members, subsidiaries

and affiliated entities, and each of their respective officers, directors, shareholders, agents,

employees, partners, members, accountants, attorneys, insurers, financial advisors, representatives

and other agents, and all of their respective predecessors, successors and assigns (collectively, the

"Released Parties"), of and from any and all claims, demands, debts, liabilities, obligations, liens,

actions and causes of action, costs, expenses, attorneys' fees and damages of whatever kind or

nature, at law, in equity and otherwise, whether known or unknown, anticipated, suspected or

disclosed, which the Releasing Parties may now have or hereafter may have against the Released

Parties which relate to or are based upon the WARN Act or any claim set forth in the WARN

Action, including any claims relating to wages and benefits as described therein (the "Released

Claims").  The Released Parties expressly reserve the right to object to, offset or oppose any and

all claims, obligations, or causes of action, of any type, except those claims expressly allowed

hereunder.  Upon the Effective Date, the Class Members agree that any Released Claims shall be

deemed waived without need for further court order, and the Class Members agree that any

Released Claims that have been scheduled on behalf of, or filed by, any Class Members in the

Bankruptcy Case are disallowed in their entirety and shall be deemed expunged from the applicable

schedule(s) or claims register(s). In addition, each Releasing Party shall be deemed, upon the

Effective Date, to have released each of the Class Representatives from any and all claims whether

liquidated or unliquidated, contingent or non-contingent, asserted or unasserted, fixed or not,

matured or unmatured, disputed or undisputed, legal or equitable, known or unknown that he or

she may have against the Class Representatives, any successors or assignees to their legal interests,

or any of their present or former agents, attorneys or consultants arising out of any Released Claim

or the terms of this Settlement.

(b)      To the fullest extent allowed under applicable law, each person and entity

granting a release under the Settlement hereby: (a) waives and relinquishes all statutory and

common law protections purporting to limit the scope or effect of a release, whether due to lack of

knowledge of any claim or otherwise, including, waiving and relinquishing the terms of any law,

which provides that a release may not apply to material unknown claims.  Accordingly, in the

event a Class Member should claim additional damages arising out of the matters released by this

Settlement, or discover new facts or claims, the Class Member will not be able to make any

additional claims or recover any additional damages.  Each Party represents, warrants, and agrees

that this waiver is a material term of this Settlement Agreement, without which no Party would

have entered into this Settlement.

(c)     Notwithstanding anything herein or in any pleadings relating to this

Settlement, nothing herein or therein shall be deemed to constitute a release by the Debtors or any

of their affiliates, or their Estates, of any claims whatsoever which such parties may have against

the Non-Debtor Defendants or any third parties. Nothing herein or therein shall be deemed to

constitute a release by the Non-Debtor Defendants or any of their affiliates of any claims

whatsoever which such parties may have against the Debtors or any third parties.

(d)     <u>Dismissal of WARN Action as to the Debtors and Non-Debtor Defendants</u>.

A stipulation of dismissal with prejudice of the WARN Action as to the Debtors and Non-Debtor

Defendants, substantially in the form attached hereto as <u>Exhibit E</u> (the "<u>Dismissal</u>"), shall be

executed by the Parties.  Class Counsel shall file the Dismissal with the Bankruptcy Court upon

the Effective Date.  Dismissal of the WARN Action as to the Debtors and Non-Debtor Defendants

shall not abate or limit the effectiveness of this Settlement Agreement and the Final Settlement

Order, including the releases set forth herein.

14.     **No Litigation.**  Except as may be necessary to enforce the terms of this Settlement,

the Parties agree that they shall not commence or proceed with any action, claim, suit, proceeding

or litigation, including the filing of any proof of claim in the Bankruptcy Case, with respect to the

Released Claims, or take any action inconsistent with the terms of the Settlement.

15.     **No Admission of Liability.**  This Settlement is intended to settle and dispose of

the Released Claims.  Nothing herein shall constitute or be construed as an admission by the

Estates, Debtors or Non-Debtor Defendants of any facts or liability of any kind.  The Parties

acknowledge and agree that they are entering into this Settlement Agreement to avoid further costs of litigation and that the Estates, the Debtors and Non-Debtor Defendants do not admit, and specifically deny, any liability under the WARN Act and/or any law pursuant to which claims were asserted in the WARN Action.

16.      **Representations and Warranties**.  The Parties represent and warrant that upon Bankruptcy Court approval of this Settlement, all will have the legal right and authority to enter into this Settlement and the transactions and releases contemplated hereby.

17.      **Further Assurances.**  The Parties shall cooperate fully and shall execute and deliver any and all supplemental papers, documents, instruments and other assurances and shall do any and all acts that may be reasonably necessary or appropriate to give full force and effect to the terms and intent of this Settlement.

18.      **Miscellaneous**.

(a)      Continuing Jurisdiction of Bankruptcy Court.  The Bankruptcy Court shall have full jurisdiction over this Settlement and any dispute or controversy arising from or related to the interpretation or enforcement of this Settlement.

(b)      Governing Law/Jurisdiction.  Except where superseded by applicable federal law, this Settlement shall be governed by the internal laws of the State of West Virginia, without regard to conflict of law principles.

(c)      Notices.  Any notice or other communication required or permitted to be delivered under this Settlement shall be (i) in writing, (ii) delivered personally, by courier service or by certified or registered mail, first-class postage prepaid and return receipt requested, (iii) deemed to have been received on the date of delivery, and (iv) addressed as follows (or to

such other address as the party entitled to notice shall hereafter designate by a written notice filed

with the Bankruptcy Court):

### If to the Debtors, to

SQUIRE PATTON BOGGS (US) LLP
201 E. Fourth Street, Suite 1900
Cincinnati, Ohio 45202
Attention: Stephen D. Lerner, Esq.
            Nava Hazan, Esq.

### If to the Non-Debtor Defendants, to

LEXINGTON COAL COMPANY, LLC
Helena R. Jackson, Esq.
164 Main Street, Suite 401
Pikeville, Kentucky 41501
hj@lexingtoncoal.us
859.533.4901

DINSMORE & SHOHL LLP
Janet Smith Holbrook (WVSBN 5853)
John (J.H.) Harlan Mahaney (WVSBN 6993)
Alexis B. Mattingly (WVSBN 10286)
611 Third Avenue
Huntington, West Virginia 25701
(304) 529-6181 Phone
(304) 522-4312 Fax
Janet.holbrook@dinsmore.com
John.mahaney@dinsmore.com
alexis.mattingly@dinsmore.com

### If to Class Members or Class Counsel, to:

LANKENAU & MILLER LLP
132 Nassau Street, Suite 1100
New York, New York 10038
Attention:  Stuart J. Miller, Esq.

and

THE GARDNER FIRM, P.C.
182 St. Francis Street, Suite 103
Mobile, Alabama 36602
Attention:  Mary E. Olsen, Esq.

(d)     Severability.   Should any provision(s) of this Settlement Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, and/or unenforceable, then the legality, validity, and/or enforceability of the remaining parts, terms, and/or provisions shall not be affected thereby, and said illegal, unenforceable, and/or invalid part, term, and/or provision shall be deemed not to be a part of this Settlement Agreement.

(e)     Amendments.   This Settlement may not be modified, amended or supplemented by the Parties except by a written agreement that the Parties have signed with any required approval of the Bankruptcy Court.

(f)     Integration.   This Settlement contains the entire, final, and fully-integrated agreement of the Parties with respect to the matters covered by this Settlement, and supersedes all prior statements, discussions, agreements, representations, or understandings. No promise, understanding, agreement, or representation made by any Party, or any respective agent, director, officer, employee, financial advisor or attorney of a Party, that is not expressly contained in this Settlement shall be binding or valid.  All Parties agree and represent that they are not relying on any promise, inducement, or understanding not expressly set forth in the language of this Settlement Agreement.

(g)     Interpretation.   This Settlement was the product of negotiations between the Parties and any rule of construction requiring that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement.

(h)     Headings.   The headings of this Settlement are for convenience only and are not part of the Settlement and do not in any way define, limit, extend, describe or amplify the terms, provisions or scope of this Settlement and shall have no effect on its interpretation.  Where

appropriate, the use of the singular shall include the plural and the use of the masculine gender shall include the feminine gender as well.

(i)  <u>Signatures</u>.  Facsimile or other electronic copies of signatures on this Settlement are acceptable, and a facsimile or other electronic copy of a signature on this Settlement shall be deemed to be an original.

(j)  <u>Counterparts</u>.  This Settlement may be executed in one or more counterparts, each of which together or separately shall constitute an original and which, when taken together, shall be considered one and the same binding agreement.

(k)  <u>Cooperation</u>.  The Parties agree to cooperate with one another to effectuate an efficient and equitable implementation of this Settlement.

(l)  <u>Binding Nature of Settlement</u>.  This Settlement shall be binding upon and shall inure to the benefit of the Parties and their respective successors, transferees, assigns, heirs and estates.

(m)  <u>Effect of Waiver of Breach</u>.  The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any prior or subsequent breach of this Settlement Agreement.

(n)  <u>Receipt of Advice of Counsel</u>.  The Parties acknowledge, agree, and specifically warrant to each other that they have fully read this Settlement Agreement, received legal advice with respect to the advisability of entering into this Settlement Agreement and with respect to the legal effect of this Settlement Agreement.  The Parties further acknowledge, agree, and specifically warrant that they fully understand the legal effect of this Settlement Agreement.

(o)  <u>Opportunity to Investigate</u>.  The Parties acknowledge, agree, and specifically warrant to each other that they and their counsel have had adequate opportunity to

make whatever investigation and inquiries deemed necessary or desirable in connection with the subject matter of this Settlement Agreement and the advisability of entering into this Settlement Agreement.

(p)      Good Faith Settlement.  The Parties acknowledge, agree, and specifically warrant to each other that they are entering into this Settlement Agreement freely, without duress, in good faith, and at arms' length.

(q)      Preservation of Privilege.  Nothing contained in this Settlement Agreement or any order of the Bankruptcy Court and no act required to be performed pursuant to this Settlement Agreement or any order of the Bankruptcy Court is intended to constitute, cause, or effect any waiver (in whole or in part) of any attorney-client privilege, work product protection, or common interest/joint defense privilege.

(r)      Nonadmissibility.  The negotiations resulting in this Settlement Agreement have been undertaken by the Parties and their respective counsel in good faith and for settlement purposes only.  No evidence of negotiations or discussions underlying this Settlement Agreement shall be offered or received in evidence for any purpose in any action or proceeding.

IN WITNESS WHEREOF, the Parties have executed and delivered this Settlement as of the date first written above.

On behalf of the Debtors


By:      /s/ David Beckman
         Name: David Beckman
         FTI Consulting, Inc.

DINSMORE & SHOHL LLP
on behalf of Jeff Hoops, Sr. and Jeffery A. Hoops, II


By:      /s/ Alexis B. Mattingly
         Name: Alexis B. Mattingly
         Title:   Counsel for Jeff Hoops, Sr. and
         Jeffery A. Hoops, II

Helena R. Jackson, Esq.
General Counsel,
on behalf of Lexington Coal Co., LLC


By:      /s/ Helena R. Jackson
         Name:  Helena R. Jackson
         Title:   Counsel for Lexington Coal Co.,
         LLC



LANKENAU & MILLER LLP,
on behalf of the Class Representatives and Class Members


By:   /s/ Stuart J. Miller
         Name:  Stuart J. Miller
         Title:   Proposed Class Counsel

THE GARDNER FIRM, PC,
on behalf of the Class Representatives and Class
Members


By:   _/s/ Mary E. Olsen_____
        Name:  Mary E. Olsen
        Title:   Proposed Class Counsel


PETSONK PLLC,
on behalf of the Class Representatives and Class
Members


By:   _/s/ Sam Petsonk_____
        Name:  Sam Petsonk
        Title:   Proposed Class Counsel


MOUNTAIN STATE JUSTICE, INC.,
on behalf of the Class Representatives and Class
Members


By:   _/s/ Bren J. Pomponio_____
        Name:  Bren J. Pomponio
                   Clint Carte
        Title:   Proposed Class Counsel


PILLERSDORF LAW OFFICE,
on behalf of the Class Representatives and Class
Members


By:   _/s/ Ned Pillersdorf_____
        Name:  Ned Pillersdorf
        Title:   Proposed Class Counsel

# SCHEDULE 1

[Submitted Under Seal]

**EXHIBIT A**

Preliminary Settlement Order

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| In re:<br><br>**BLACKJEWEL, L.L.C.,** *et al.*<br>          **Debtors**<br>----------------------------------------------------------<br>**DAVID ENGELBRECHT, JOSIAH WILLIAMSON, GREGORY MEFFORD on behalf of themselves and all others similarly situated,**<br><br>          **Plaintiffs,**<br><br>**v.**<br><br>**BLACKJEWEL, L.L.C.,**<br><br><br>          **Defendants.**<br>---------------------------------------------------------- | **Chapter 11**<br>**Case No. 19-bk-30289**<br>**(Jointly Administered)**<br><br><br><br><br>**Adversary Proceeding**<br>**No. 3:19-ap-03002** |
| In re:<br><br>**BLACKJEWEL, L.L.C.,** *et al.*<br>          **Debtors**<br>----------------------------------------------------------<br>**SHAWN ABNER, JACOB HELTON, AND BILLY HATTON on behalf of themselves and all others similarly situated,**<br><br>          **Plaintiffs,** | **Chapter 11**<br>**Case No. 19-bk-30289**<br>**(Jointly Administered)**<br><br><br><br>**Adversary Proceeding**<br>**No. 3:19-ap-03003** |

**v.**

**BLACKJEWEL, L.L.C., REVELATION
ENERGY, LLC, LEXINGTON COAL CO., LLC,
JEFF HOOPS, SR., JEFFERS A. HOOPS, II,**

**Defendants.**

--------------------------------------------------------

### ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 7023 AND 9019 (I) PRELIMINARILY APPROVING THE SETTLEMENT, (II) CERTIFYING A CLASS OF WARN ACT CLAIMANTS FOR SETTLEMENT PURPOSES ONLY, (III) APPOINTING CLASS COUNSEL AND CLASS REPRESENTATIVES, (IV) APPROVING THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS OF THE CLASS CERTIFICATION AND SETTLEMENT, (V) SCHEDULING A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE SETTLEMENT, AND (VI) GRANTING RELATED RELIEF

Upon the Joint Motion of Plaintiffs David Engelbrecht, Josiah Williamson, Gregory Mefford, Shawn Abner, Jacob Helton, and Billy Hatton (the "Plaintiffs"), together with Blackjewel, L.L.C. and Revelation Energy, LLC (together, the "Debtors" or "Debtor-Defendants") and Lexington Coal Co., LLC, Jeff Hoops, Sr., and Jeffery A. Hoops, II (the "Non-Debtor Defendants" and, collectively with the Debtor-Defendants, the "Defendants" and, together with the Plaintiffs, the "Parties"), by and through their respective counsel, pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 9019 and 7023 for the entry of an Order (1) approving the Settlement, Release and Allowance of Claim Agreement (the "Settlement Agreement"); (2) preliminarily approving the Settlement Agreement pursuant to Bankruptcy Rule 7023; (3) certifying the WARN Class for settlement purposes only, including the appointment of Lankenau & Miller, LLP, The Gardner Firm, P.C., Petsonk PLLC, Mountain State Justice, Inc. and Pillersdorf Law Office as Class Counsel and David Engelbrecht, Josiah Williamson, Gregory Mefford, Shawn Abner, Jacob Helton, and Billy Hatton, as Class Representatives; (4) approving the form and manner of notice of the Settlement to the members of the Class (the "Class Notice");

2

(5) scheduling a fairness hearing to consider final approval of the Settlement Agreement (the "Fairness Hearing"); (6) finally approving the Settlement Agreement following the fairness hearing (the "Final Settlement Order"); and (7) granting related relief (the "Joint Motion");[1] and the Court having considered the Joint Motion and any opposition thereto; and the Court having found that proper and sufficient notice of the Joint Motion has been given and that no further notice of the Joint Motion is required except as set forth herein; and that, based on the range of possible outcomes and the cost, delay, and uncertainty associated with further litigation, the Settlement Agreement is reasonable and preliminary approval of the Settlement Agreement is warranted and in the best interest of the Estates;

**IT IS HEREBY ORDERED THAT:**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      The Settlement is preliminarily approved, subject to final approval at the Fairness Hearing.

4.      The Class is certified pursuant to Rule 23 of the Federal Rules of Civil Procedure, as applicable through Rule 7023 of the Federal Rules of Bankruptcy Procedure, and is comprised of all persons who were employed by the Debtors at facilities located in the Eastern Division and the Western Division and who ceased working for the Debtors on or after July 1, 2019 solely, and who do not file a timely request to opt out of the Class.

5.      David Engelbrecht, Josiah Williamson, Gregory Mefford, Shawn Abner, Jacob Helton, and Billy Hatton are appointed as Class Representatives.

---

[1] All terms not otherwise defined herein shall have the meaning ascribed to them in the Joint Motion or the Settlement Agreement, as applicable.

6.      Lankenau & Miller, LLP, The Gardner Firm, P.C., Petsonk PLLC, Mountain State Justice, Inc. and Pillersdorf Law Office are appointed Class Counsel pursuant to Civil Rule 23(c)(1)(B).

7.      The Class Notice, substantially in the form annexed to the Settlement as <u>Exhibit D</u>, meets the requirements of Fed. R. Civ. P. 23(c)(2)(B) and is hereby approved.

8.      Notice to the Class Members identified in Schedule 1 attached to the Settlement Agreement by first class mail; postage prepaid, at their last known address is reasonable and the best notice practicable under the circumstances and constitutes due and sufficient notice to all potential Class Members in full compliance with the notice requirements of Fed. R. Civ. P. 23 and such mailing shall be made by Class Counsel within five (5) business days following entry of this Order.

9.      Notwithstanding anything herein or in any pleadings relating to the Settlement, nothing herein or therein shall be deemed to constitute a release by the Debtors or any of their affiliates, or their Estates, of any claims whatsoever which such parties may have against the Non-Debtor Defendants or any third parties. Nothing herein or therein shall be deemed to constitute a release by the Non-Debtor Defendants or any of their affiliates of any claims whatsoever which such parties may have against the Debtors or any third parties.

10.     Any Class Members who wish to file an objection to the proposed Settlement or exercise their right to opt-out of the Class must do so in accordance with the deadlines and instructions set out in the Class Notice.  Any such opt-outs or objections must be received by the entities listed in the Class Notice no later than thirty-five (35) days following the date of mailing of the Class Notice.

11.    The final Fairness Hearing regarding the Settlement Agreement is scheduled to be held on _____, **2020 at _____ _.m. prevailing Eastern Time**.  The final Fairness Hearing may be continued from time to time by the Court without further notice other than the announcement of the adjourned date(s) at the final Fairness Hearing or any continued hearing.

12.    The Court shall retain jurisdiction over all matters arising pursuant to or related to the relief granted by this Order.

**EXHIBIT B**

<u>Final Settlement Order</u>

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| | **Case No. 19-bk-30289** |
| **BLACKJEWEL, L.L.C.,** *et al.* | **(Jointly Administered)** |
| **Debtors** | |
| ---------------------------------------------------------- | |
| **DAVID ENGELBRECHT, JOSIAH** | |
| **WILLIAMSON, GREGORY MEFFORD on behalf** | |
| of themselves and all others similarly situated, | **Adversary Proceeding** |
| | **No. 3:19-ap-03002** |
| **Plaintiffs,** | |
| | |
| **v.** | |
| | |
| **BLACKJEWEL, L.L.C.,** | |
| | |
| **Defendants.** | |
| ---------------------------------------------------------- | |
| **In re:** | **Chapter 11** |
| | **Case No. 19-bk-30289** |
| **BLACKJEWEL, L.L.C.,** *et al.* | **(Jointly Administered)** |
| **Debtors** | |
| ---------------------------------------------------------- | |
| **SHAWN ABNER, JACOB HELTON, AND BILLY** | |
| **HATTON on behalf of themselves and all others** | |
| similarly situated, | **Adversary Proceeding** |
| | **No. 3:19-ap-03003** |
| **Plaintiffs,** | |

v.

**BLACKJEWEL, L.L.C.,  REVELATION
ENERGY, LLC, LEXINGTON COAL CO., LLC,
JEFF HOOPS, SR., JEFFERS A. HOOPS, II,**

**Defendants.**

**---------------------------------------------------------**

### FINAL ORDER APPROVING SETTLEMENT UNDER FEDERAL RULE OF CIVIL PROCEDURES 23 AND FEDERAL BANKRUPTCY RULES 7023 AND 9019

**UPON** the Order dated _____, 2020 [Dkt. No. __] (the "Preliminary Settlement Order") preliminarily approving the Joint Motion of Plaintiffs David Engelbrecht, Josiah Williamson, Gregory Mefford, Shawn Abner, Jacob Helton, and Billy Hatton (the "Plaintiffs"), together with Blackjewel, L.L.C. and Revelation Energy, LLC (the "Debtors" or "Debtor-Defendants") and Lexington Coal Co., LLC, Jeff Hoops, Sr., and Jeffery A. Hoops, II (the "Non-Debtor Defendants" and, collectively with the Debtor-Defendants, the "Defendants" and, together with the Plaintiffs, the "Parties"), by and through their respective counsel, pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 9019 and 7023 for the entry of an Order (1) approving the Settlement, Release and Allowance of Claim Agreement (the "Settlement Agreement"); (2) preliminarily approving the Settlement Agreement pursuant to Bankruptcy Rule 7023; (3) certifying the WARN Class for settlement purposes only, including the appointment of Lankenau & Miller, LLP, The Gardner Firm, P.C., Petsonk PLLC,  Mountain State Justice, Inc. and Pillersdorf Law Office as Class Counsel and David Engelbrecht, Josiah Williamson, Gregory Mefford, Shawn Abner, Jacob Helton, and Billy Hatton as Class Representatives; (4) approving the form and manner of notice of the Settlement to the members of the Class (the "Class Notice"); (5) scheduling a fairness hearing to consider final approval of the Settlement Agreement (the "Fairness Hearing"); (6) finally approving the Settlement

Agreement following the fairness hearing (the "Final Settlement Order"); and (7) granting related relief (the "Joint Motion");[1] the Court having reviewed the Joint Motion and any objections thereto, and being fully advised; the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) notice of the Joint Motion and the hearing thereon was sufficient under the circumstances, and (d) the Court having reviewed the terms of the Settlement; and the Court having determined that the legal and factual bases set forth in the Joint Motion establish just cause for the relief granted herein; the Court having determined that the relief sought in the Joint Motion is in the best interest of the Estates; and after due deliberations and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Joint Motion is GRANTED in its entirety.

2.      All objections to the Joint Motion or the relief requested in the Joint Motion, if any, that have not been withdrawn, waived or settled, and all reservations of rights in such objections, if any, shall be and hereby are, OVERRULED in all respects on the merits and denied.

3.      The Settlement Agreement, a true and correct copy of which is attached to the Joint Motion as Exhibit A, is approved in all respects as being fair, reasonable, adequate and falling within the range of reasonableness.

4.      The Settlement shall become binding upon the Parties and the Class, as set forth in the Settlement.

---

[1] All terms not otherwise defined herein shall have the meaning ascribed to them in the Joint Motion or the Settlement Agreement, as applicable.

5.       Notwithstanding anything herein or in any pleadings relating to the Settlement, nothing herein or therein shall be deemed to constitute a release by the Debtors or any of their affiliates, or their Estates, of any claims whatsoever which such parties may have against the Non-Debtor Defendants or any third parties. Nothing herein or therein shall be deemed to constitute a release by the Non-Debtor Defendants or any of their affiliates of any claims whatsoever which such parties may have against the Debtors or any third parties.

6.       The entry of this Order is without prejudice to the relief granted in the Preliminary Settlement Order, and entry of this Order shall not serve to extend or stay the time of filing any appeal regarding any of the relief granted in the Preliminary Settlement Order.

7.       The Parties are hereby authorized and empowered to take such steps and perform such acts as may be necessary to carry out the terms of this Order and the Settlement Agreement.

8.       Upon the Effective Date and except for the rights expressly arising out of, provided for, or reserved in the Settlement, the Class Members (excluding Opt-Outs), fully and forever release and discharge the Released Parties of and from the Released Claims.  Further, upon the Effective Date, as defined in the Settlement, all Released Claims shall be deemed waived and any Released Claims that have been scheduled on behalf of, or filed by, any Class Members in the Bankruptcy Case are disallowed in their entirety and shall be deemed expunged from the applicable schedule(s) or claims register(s) without the need for any further action.

9.       This Court shall retain jurisdiction over all matters arising from or related to the interpretation and/or implementation of this Order.

10.      This Order is effective immediately upon entry.

**EXHIBIT C**

<u>Excluded Employees</u>

[Submitted Under Seal]

**EXHIBIT D**

Class Notice

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re:<br><br>**BLACKJEWEL, L.L.C.,** *et al.*<br>　　　　　　　　　　　　　**Debtors**<br>--------------------------------------------------------<br>**DAVID ENGELBRECHT, JOSIAH WILLIAMSON, GREGORY MEFFORD on behalf of themselves and all others similarly situated,**<br><br>　　　　　　　　**Plaintiffs,**<br><br>**v.**<br><br>**BLACKJEWEL, L.L.C.,**<br><br><br>　　　　　　　　**Defendants.**<br>-------------------------------------------------------- | **Chapter 11**<br>**Case No. 19-bk-30289**<br>**(Jointly Administered)**<br><br><br><br>**Adversary Proceeding**<br>**No. 3:19-ap-03002** |
| In re:<br><br>**BLACKJEWEL, L.L.C.,** *et al.*<br>　　　　　　　　　　　　　**Debtors**<br>--------------------------------------------------------<br>**SHAWN ABNER, JACOB HELTON, AND BILLY HATTON on behalf of themselves and all others similarly situated,**<br><br>　　　　　　　　**Plaintiffs,**<br><br>**v.**<br><br>**BLACKJEWEL, L.L.C.,  REVELATION ENERGY, LLC, LEXINGTON COAL CO., LLC, JEFF HOOPS, SR., JEFFERS A. HOOPS, II,**<br><br>　　　　　　　　**Defendants.**<br>-------------------------------------------------------- | **Chapter 11**<br>**Case No. 19-bk-30289**<br>**(Jointly Administered)**<br><br><br><br>**Adversary Proceeding**<br>**No. 3:19-ap-03003** |

**NOTICE TO CLASS OF
(A) THE CERTIFICATION OF THE CLASS FOR SETTLEMENT PURPOSES ONLY;
(B) THE PROPOSED SETTLEMENT OF THE WARN ACTION; (C) A DESCRIPTION
OF THE PROPOSED SETTLEMENT; (D) THE DATE OF THE BANKRUPTCY
COURT HEARING FOR FINAL APPROVAL OF THE SETTLEMENT; (E) THE
RIGHT OF EACH MEMBER OF THE CLASS TO OBJECT TO THE SETTLEMENT,
AND TO APPEAR AT THE HEARING AT WHICH THE BANKRUPTCY COURT
WILL CONSIDER THE FINAL APPROVAL OF THE SETTLEMENT; AND (F) THE
RIGHT OF CLASS MEMBERS TO OPT-OUT OF THE CLASS**

TO:     All persons who were employed by the Debtors, as defined below, at facilities located in
        the Central Appalachian Coal Basin in West Virginia, Virginia and Kentucky (the "Eastern
        Division") and in the Powder River Basin in Wyoming (the "Western Division") who
        ceased working for the Debtors on or after July 1, 2019 solely, and who do not file a timely
        request to opt-out (the "Class").

## BACKGROUND

The Plaintiffs David Engelbrecht, Josiah Williamson, Gregory Mefford, Shawn Abner,
Jacob Helton, and Billy Hatton (collectively, the "Plaintiffs" or "Class Representatives") filed a
complaint (the "WARN Action") against Blackjewel, L.L.C. and Revelation Energy, LLC
(together, the "Debtors" or "Debtor-Defendants") and Lexington Coal Co., LLC, Jeff Hoops, Sr.
and Jeffery A. Hoops, II (together, the "Non-Debtor Defendants," and collectively with the
Debtor-Defendants, the "Defendants"), for allegedly failing to provide sixty (60) days' advance
written notice as required by the Worker Adjustment and Retraining Act, 29 U.S.C. §§ 2101, et
seq. (the "WARN Act"), before allegedly ordering mass layoffs and/or plant closings on or about
July 1, 2019 and thereafter, and for alleged wage and hour and other employment and employee
benefits-related claims.  The Defendants and Plaintiffs are collectively referred to herein as the
"Parties," or, as to each, a "Party."

The claims set forth in the WARN Action are disputed by the Defendants. However,
following a Court ordered-mediation and extended settlement negotiations, conducted in good
faith and at arms' length, the Parties reached agreement on a compromise that will resolve the
WARN Action titled *Settlement, Release and Allowance of Claim Agreement* (the "Settlement"
or "Settlement Agreement")[1] under which the benefits described below will be provided to the
members of the Class. All Parties, including Class Counsel (as defined below), believe the
Settlement is fair and reasonable and that continued litigation of the WARN Action would be
complicated, protracted and expensive and would further deplete the Debtors' resources.

## THE PROPOSED SETTLEMENT AGREEMENT

The terms of the Settlement are embodied in a settlement agreement entered into between
the Parties. The following description of the proposed Settlement, which was preliminarily
approved by the Court on _____, 2020, is only a summary. In the event of any discrepancy
between this summary and the terms of the Settlement Agreement, the terms of the Settlement

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings given to them in the Settlement.

Agreement shall control. The Settlement Agreement shall become effective only if it is finally approved by the Bankruptcy Court. You may secure a copy of the complete Settlement Agreement from Class Counsel, Mary Olsen, at (251) 415-4978 or at the address shown for her below. The relevant terms of the Settlement may be summarized as follows:

## SUMMARY OF THE TERMS OF THE SETTLEMENT AGREEMENT

The Parties have agreed to certification of a class (the "Class"), for settlement purposes only, comprised of all persons who were employed by the Debtors at facilities located in the Eastern Division and the Western Division and who ceased working for the Debtors on or after July 1, 2019 solely, and who do not file a timely request to opt out of the Class. The Class is represented by David Engelbrecht, Josiah Williamson, Gregory Mefford, Shawn Abner, Jacob Helton, and Billy Hatton (the "Class Representatives") and Lankenau & Miller, LLP, The Gardner Firm, P.C., Petsonk PLLC, Mountain State Justice, Inc. and Pillersdorf Law Office are counsel to the Class ("Class Counsel").

Upon the Effective Date of the Settlement Agreement and in exchange for a full release of any claims under the WARN Act and other claims asserted in the WARN Action, (i) the Debtor-Defendants have agreed that the Class Members will be granted a) an allowed priority claim jointly and severally against the Debtors, pursuant to 11 U.S.C. § 507(a)(4) and (a)(5) of the Bankruptcy Code, equal to sixty percent (60%) of sixty (60) days' of wages and benefits for each Class Member, in the aggregate amount of $14,630,825.63, and an allowed priority wage claim under 11 U.S.C. § 507(a)(4) of the Bankruptcy Code in the aggregate amount of $2,711,494.11 for up to eight (8) days of pay for each Class member in resolution of their wage claims (together, the "Allowed Bankruptcy WARN and Wage Claims"), which amount shall be subject to a statutory cap in the amount of $13,650.00 per employee pursuant to 11 U.S.C. § 507(a)(4) of the Bankruptcy Code and (ii) the Non-Debtor Defendants have agreed to make a cash payment of $125,000, which will be distributed from a Qualified Settlement Fund established by the Class Counsel in accordance with the terms of the Settlement Agreement. Pursuant to the Settlement, if approved, the Allowed Bankruptcy WARN and Wage Claims is an allowed claim.  As further explained below, it does not mean that such claim will be paid in full and payment may or may not occur depending on numerous factors and circumstances in the Bankruptcy Case.

The distributions from the Debtors' estates (the "Estates") on account of the Allowed Bankruptcy WARN and Wage Claims (the "Estates Distribution Payments") will be made by the Debtors in accordance with the priority scheme established by the Bankruptcy Code  to a qualified settlement fund to be established by Class Counsel in conformity with Internal Revenue Code § 468B (the "Qualified Settlement Fund") pursuant to written instructions to be provided by Class Counsel. The Class acknowledges that the Allowed Bankruptcy WARN and Wage Claims is an allowed claim to be paid in accordance with the priority scheme established by the Bankruptcy Code and that such claim may or may not be paid depending on the distributions available to creditors of the Debtors' Estates and may not be paid or funded in full.

The Cash Payment shall be made via wire transfer by the Non-Debtor Defendants within five (5) business days of the Effective Date to the Qualified Settlement Fund pursuant to written

instructions to be provided by Class Counsel.  The name of the Qualified Settlement Fund shall be *Engelbrecht v. Blackjewel QSF*, and Class Counsel or the Administrator of the Qualified Settlement Fund shall provide the Debtors and the Non-Debtor Defendants with a W-9 form for the Qualified Settlement Fund to enable the Estates Distribution Payments and the Cash Payment, respectively to the Qualified Settlement Fund.

Class Counsel shall act as the trustee of the Qualified Settlement Fund.  Class Counsel shall cause each Class Member's distribution to be paid from the Qualified Settlement Fund, and shall transmit distributions via first class U.S. Mail to the Class Members at their last known address as indicated on Schedule 1 to the Settlement Agreement (or to such other address as the Class Members may indicate to Class Counsel or which Class Counsel may locate), in accordance with applicable law.  By accepting his or her portion of the Qualified Settlement Fund, each Class Member agrees that he or she will be solely responsible for any and all tax liabilities stemming from the payment of his or her claim under the Settlement Agreement.  The Parties agree that the Estates Distribution Payments shall be the only payments to be made by the Debtors under this Settlement Agreement and that the Cash Payment shall be the only payment to be made by the Non-Debtor Defendants under this Settlement Agreement. Under no circumstances shall the Estates or Non-Debtor Defendants be required under the Settlement to pay any sums or other consideration in addition to the Estates Distribution Payments or Cash Payment for any purpose whatsoever.

In the event the amount of the Estates Distribution Payments is sufficient to make a full payment on the Allowed Bankruptcy WARN and Wage Claims, the total amount distributed to each Class Member on the Allowed Bankruptcy WARN and Wage Claims shall equal the amount listed on Schedule 1 to the Settlement Agreement for those claims.  In the event the amount of the Allowed Bankruptcy WARN and Wage Claims is greater than the Estates Distribution Payments, the Class Members' distributions shall be reduced on a *pro rata* basis so all Class Members receive an equal percentage of the Estates Distribution Payments. For the avoidance of doubt, the Class Counsel's Fees, Class Counsel's Expenses and the Class Representative Service Payments are payable solely out of the Qualified Settlement Fund, consistent with the terms of the Settlement Agreement, and such fees, expenses and payments are included in the amount of the Allowed Bankruptcy WARN and Wage Claims as set forth in Schedule 1 to the Settlement Agreement and not in addition to such amount.

The Class Representatives shall receive an aggregate one-time payment from the first distribution from the Qualified Settlement Fund of $30,000, to be allocated as follows:  $5,000 each to David Engelbrecht, Josiah Williamson, Gregory Mefford, Shawn Abner, Jacob Helton, and Billy Hatton for their service in this matter (together, the "Class Representative Service Payments").  Class Counsel shall distribute this payment to the Class Representatives, in addition to each Class Representative's individualized disbursements on account of the Settlement payments contemplated therein.[2]  Class Counsel's Fees will not be deducted from the Class Representative Service Payments.

Class Counsel is entitled to attorneys' fees ("Class Counsel's Fees") in the amount of one-

---

[2] For avoidance of doubt, the Class Representative Service Payments shall have no affect on the priority amounts available to the Class Representatives for their individualized Allowed Bankruptcy WARN and Wage Claims.

third (1/3) of each distribution on the Estates Distribution Payments and Cash Payment, net of the one-time $30,000 aggregate payment for Class Representative Service Payments.  In addition, Class Counsel is entitled to its litigation expenses (including costs associated with the production and mailing of the Class Notice and the administration of the Settlement, estimated to be approximately $75,000) ("Class Counsel's Expenses").  Class Counsel's Fees and Class Counsel's Expenses, as well as the Representative Service Payments, shall be paid exclusively by the Qualified Settlement Fund.  Class Counsel's Fees and Class Counsel's Expenses shall be payment in full for Class Counsel's work and expenses in connection with this matter.

## CLASS COUNSEL'S RECOMMENDATION AND YOUR PROJECTED RECOVERY

Class Counsel recommends the Settlement, believing that it is fair, reasonable and adequate to the Class.

The projected net dollar amount which you would receive under the Settlement ("Projected Payment"), assuming that the Allowed Bankruptcy WARN and Wage Claims are paid in full, which may or may not occur depending on numerous factors and circumstances in the Bankruptcy Case, is shown on Exhibit A, hereto.

## RELEASE OF CLAIMS AND EFFECT OF APPROVAL OF SETTLEMENT AGREEMENT

Upon the Effective Date, all Released Claims against the Released Parties, including any and all individual claims asserted by Class Members against the Debtors related to the claims set forth in the WARN Action shall be deemed satisfied and expunged, without need for further court order, and the Class Members agree that any Released Claims that have been scheduled on behalf of, or filed by, any Class Members in the Bankruptcy Case are disallowed in their entirety and shall be deemed expunged from the applicable schedule(s) or claims register(s) without need for further court order. Payment on account of such claims shall be limited solely to the Estates Distribution Payments and Cash Payment.

Proofs of claim filed by individuals who choose to timely opt-out of the WARN Class shall be unaffected by the release contained in the Settlement.

## HOW TO OBJECT OR OPT-OUT

If you are satisfied with the proposed Settlement and your projected Payment Amount (assuming full funding of the Allowed Bankruptcy WARN Claims which may or may not occur) as shown on Exhibit A, you need to do nothing and you will receive your share of any distributions made from the Qualified Settlement Fund.

If, on the other hand, you believe that the proposed Settlement is unfair or inadequate or believe that it should not be approved, you may object by mailing, via first class U.S. Mail, a written statement bearing the caption of this action (shown on the first page of this Notice) with the basis for your objection, to the Clerk of the United States Bankruptcy Court for the Southern District of West Virginia, 300 Virginia Street East, Room 2400, Charleston, West Virginia

25301, and by sending copies of that statement, also by first class U.S. Mail, to: 1) Mary E. Olsen, The Gardner Firm, P.C., 182 St. Francis Street, Suite 103, Mobile, Alabama 36602; and 2) Stephen Lerner and Nava Hazan, Squire Patton Boggs (US) LLP, 201 E. Fourth Street, Suite 1900, Cincinnati, Ohio 45202. Objections must be mailed so as to be received no later than _____, 2020, and must include your name, address, and telephone number, together with a statement of whether you wish to be heard personally or by counsel at the final hearing at which the Parties will be requesting binding Bankruptcy Court approval of the Settlement.

You may also appear in person or by counsel at the final hearing described below.

If you choose not to be bound by this Settlement and do not wish to share in any of the benefits described herein, you may opt-out of the Class by filling out the attached "Opt-Out Form," and signing and mailing that form by first class U.S. Mail, to: Class Counsel, Attn: Mary E. Olsen, Esq., The Gardner Firm, P.C., 182 St. Francis Street, Suite 103, Mobile, Alabama 36602. The "Opt-Out Form" form must be **received** no later than _____**, 2020**.  All requests for exclusion received after that date will not be effective, and any person who sends a late request will be a member of the Class.

## <u>FINAL HEARING TO APPROVE SETTLEMENT</u>

The hearing for final consideration and approval of the Settlement is scheduled to take place on _____, at _____ p.m. (EDT) at the Robert C. Byrd U.S. Courthouse, 300 Virginia Street East, Charleston, West Virginia 25301, before the Honorable Benjamin A. Kahn. That hearing may be adjourned without further notice. If you wish to determine if the hearing is adjourned, you may contact Mary E. Olsen at the address shown above.

## <u>OTHER INFORMATION</u>

All requests for more information, including a copy of the Settlement should be directed to Ms. Olsen.  Her contact information is as follows: Mary E. Olsen, Esq., The Gardner Firm, P.C., 182 St. Francis Street, Suite 103 Mobile, AL 36602; email: molsen@thegardnerfirm.com; phone: (251) 415-4978.

While the Bankruptcy Court has approved the sending of this Notice, it has not taken any position as to the respective claims or defenses asserted by the Parties in the WARN Action.

## <u>PLEASE DO NOT WRITE TO OR CALL THE COURT CONCERNING THIS MATTER</u>

*David Engelbrecht, Josiah Williamson and Gregory Mefford, on their own behalf and on behalf of all other persons similarly situated v. Blackjewel, LLC*; **Adversary Proceeding No. 19-ap-3002 and** *Shawn Abner, Jacob Helton and Billy Hatton individually and on behalf of others similarly situated v. Blackjewel, LLC, Revelation Energy, LLC, Lexington Coal Co., LLC, Jeff Hoops, Sr., Jeffery A. Hoops, II*, **Adversary Proceeding No. 19-ap-03003**

## <u>OPT-OUT FORM</u>

I, the undersigned, have read the foregoing Settlement Class Notice and understand its contents.

I **DO NOT** want to participate in the above WARN Action and **DO NOT** wish to receive any benefits from or be bound by the Settlement described herein.

_____          _____
SIGNATURE                                                      ADDRESS

_____          _____
NAME (printed or typed)                                CITY, STATE and ZIP CODE

_____          _____
DATE                                                              TELEPHONE

_____
EMAIL ADDRESS

If you do **NOT** wish to participate, send this completed form to:

THE GARDNER FIRM, P.C.
182 St. Francis Street, Suite 103
Mobile, Alabama 36602
Attention:  Mary E. Olsen, Esq.

## **EXHIBIT  A**

«AddressBlock»

| Projected Payment After the Deduction of Service Payments, Class Counsel's Fees, and Class Counsel's Expenses, and Assuming That the Allowed Bankruptcy WARN and Wage Claims Are Fully Funded, Which May or May Not Occur Depending on Numerous Factors and Circumstances in the Bankruptcy Case | $«_____» |
|---|---|

**EXHIBIT E**

Dismissal

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **BLACKJEWEL, L.L.C.,** *et al.* | **Case No. 19-bk-30289** |
|         **Debtors** | **(Jointly Administered)** |
| ---------------------------------------------------------- | |
| **DAVID ENGELBRECHT, JOSIAH WILLIAMSON, GREGORY MEFFORD on behalf of themselves and all others similarly situated,** | **Adversary Proceeding No. 3:19-ap-03002** |
|         **Plaintiffs,** | |
| **v.** | |
| **BLACKJEWEL, L.L.C.,** | |
|         **Defendants.** | |
| ---------------------------------------------------------- | |
| **In re:** | **Chapter 11** |
| **BLACKJEWEL, L.L.C.,** *et al.* | **Case No. 19-bk-30289** |
|         **Debtors** | **(Jointly Administered)** |
| ---------------------------------------------------------- | |
| **SHAWN ABNER, JACOB HELTON, AND BILLY HATTON on behalf of themselves and all others similarly situated,** | **Adversary Proceeding No. 3:19-ap-03003** |
|         **Plaintiffs,** | |
| **v.** | |
| **BLACKJEWEL, L.L.C.,  REVELATION ENERGY, LLC, LEXINGTON COAL CO., LLC, JEFF HOOPS, SR., JEFFERS A. HOOPS, II,** | |
|         **Defendants.** | |
| ---------------------------------------------------------- | |

## JOINT STIPULATION TO VOLUNTARILY DISMISS, WITH PREJUDICE

Pursuant to F.R.C.P. 41(a)(1)(A)(ii), Plaintiffs David Engelbrecht, Josiah Williamson, Gregory Mefford, Shawn Abner, Jacob Helton, and Billy Hatton, on behalf of themselves and similarly situated class members (together, the "Plaintiffs"), together with Blackjewel, L.L.C. and Revelation Energy, LLC (together, the "Debtors" or "Debtor-Defendants") and Lexington Coal Co., LLC, Jeff Hoops, Sr., and Jeffery A. Hoops, II (the "Non-Debtor Defendants" and, collectively with the Debtor-Defendants, the "Defendants" and, together with the Plaintiffs, the "Parties") by and through their respective counsel, hereby jointly stipulate to the dismissal of the complaint and all claims against the Defendants in the above styled case, with prejudice. The dismissal of this case and the underlying claims is made pursuant to the Settlement, Release and Allowance of Claim Agreement, dated as of September 1, 2020 (the "Settlement Agreement" or "Settlement")[1] between the Parties, which was approved by this Court by the Final Settlement Order dated [_____], and shall not abate or limit the effectiveness of the Settlement Agreement and the Final Settlement Order, including the releases set forth therein.

Each Party is to bear their own costs and fees.

Dated: _____, 20__

Respectfully submitted,

THE GARDNER FIRM, P.C.

*/s/ Mary E. Olsen*
Mary E. Olsen
The Gardner Firm, P.C.
182 St. Francis Street, Suite 103
Mobile, Alabama 36602
Telephone: (251) 433-8100
Facsimile: (251) 433-8181

Stuart J. Miller, Esq.
Lankenau & Miller LLP
132 Nassau Street, Suite 1100
New York, New York 10038

---

[1] All terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement.

Telephone: (212) 581-5005
Facsimile:  (212) 581-2122

Samuel B. Petsonk (WVSB # 12-418)
Petsonk PLLC
101 Ramey Court
PO Box 1045
Beckley, WV 25802
(304 )900-3171 (phone)
(304) 986-4633 (fax)
sam@petsonk.com

Bren J. Pomponio (WVSB #7774)
Clint Carte (WVSB #12054)
Mountain State Justice, Inc.
1217 Quarrier Street
Charleston, WV 25301
(304) 344-3144
(304) 344-3145 (fax)
bren@msjlaw.org
clint@msjlaw.org

Ned Pillersdorf
Pillersdorf Law Office
124 West Court St
Prestonsburg, KY 41653
Phone: 606-886-6090
Fax: 606-886-6148

*Counsel for Plaintiffs and the Settlement Class*

AND

**SUPPLE LAW OFFICE, PLLC**
Joe M. Supple, Bar. No. 8013
801 Viand St.
Point Pleasant, WV 25550
Telephone: 304.675.6249
Facsimile: 304.675.4372
joe.supple@supplelawoffice.com

**SQUIRE PATTON BOGGS (US) LLP**
*/s/ Stephen D. Lerner*
Stephen D. Lerner (admitted *pro hac vice*)
Nava Hazan (admitted *pro hac vice*)
Travis McRoberts (admitted *pro hac vice*)
201 E. Fourth St., Suite 1900
Cincinnati, Ohio 45202
Telephone: 513.361.1200
Facsimile: 513.361.1201
stephen.lerner@squirepb.com
nava.hazan@squirepb.com
travis.mcroberts@squirepb.com

3

*Co-Counsel to the Debtors and Debtors-in-Possession*

**LEXINGTON COAL COMPANY, LLC**
*/s/ Helena R. Jackson*
Helena R. Jackson, Esq.
164 Main Street, Suite 401
Pikeville, Kentucky 41501
hj@lexingtoncoal.us
859.533.4901

**DINSMORE & SHOHL LLP**
*/s/ Alexis B. Mattingly*
Janet Smith Holbrook (WVSBN 5853)
John (J.H.) Harlan Mahaney (WVSBN 6993)
Alexis B. Mattingly (WVSBN 10286)
611 Third Avenue
Huntington, West Virginia 25701
(304) 529-6181 Phone
(304) 522-4312 Fax
Janet.holbrook@dinsmore.com
John.mahaney@dinsmore.com
Alexis.mattingly@dinsmore.com

*Counsel for the Non-Debtor Defendants*